PRICE, Judge.
We granted writs of certiorari on the application of Kerwin Brown, Sheriff of Red River Parish, to review the contempt proceeding instituted against him by Judge Julian E. Bailes, Judge of the Tenth Judicial District Court for Red River Parish.
Applicant was found guilty of contempt on February 25, 1971, and was sentenced to pay a fine of $100.00, or in lieu thereof to serve three days in the parish jail.. As no appeal is provided by law from a conviction of contempt, an application was made for the exercise of the supervisory jurisdiction of this court to review the correctness of this conviction.
The contempt proceedings were initiated by the trial judge, ex proprio motu, by rule to show cause against the applicant for his alleged failure to comply with and carry out an order of the court in the case of Wood v. Wood, No. 10,211 on the Civil Docket of the court. In that case Prentice K. Wood was found in contempt of court for his failure to pay past due alimony and was sentenced to serve ten days in the Red River Parish jail should he not purge himself by paying the amount past due within twenty-four hours after the passing of sentence. The rule to show cause accuses the Sheriff of contempt of an order of the court for releasing Wood after his incarceration for the period of one day and not requiring him to serve the entire sentence as ordered by the court.
A motion to recuse Judge Bailes was filed by the Sheriff and a request made for a trial of this motion before the other judge serving the Tenth District Court. Also an exception of no cause of action was filed by defendant, asserting the sole remedy against a Sheriff for his failure to *627 carry out duties provided by law is a suit to remove him from office. These motions and the exception were overruled by the court and answer was then filed in which it was shown that Wood surrendered to the office of the Sheriff to begin serving his sentence on February 26, 1971, at which time he was immediately incarcerated in the Parish jail in Coushatta.
Defendant alleges that on the second day of Wood’s incarceration, February 27th, a Deputy Sheriff found Wood complaining of being ill and bleeding internally, and noticed him spitting up blood. He was taken to the medical office of the Red River Parish Assistant Coroner, Dr. Richard L. Hanna, for examination and treatment.
It is further alleged that Dr. Hanna ordered the prisoner hospitalized for treatment and observation; that he remained in the hospital for a period of approximately two weeks — until March 13, 1971. It is further alleged that under the belief that the time spent in the hospital by a prisoner counts against the time of his sentence, and since this time exceeded the maximum sentence imposed, the prisoner was not brought back to serve any further time in the parish jail after his discharge from the hospital.
The testimony given on the trial of the rule shows that Wood was incarcerated on February 26, 1971, and was moved from the jail to the L’Herrison-Hanna Clinic and hospital on the following day because of a critical illness. There is no evidence in the record to indicate that Wood had asked to be released from jail so that he might seek private medical attention upon his own behalf. To the contrary, the evidence shows that Wood was transferred to the clinic as a prisoner still under the custody of the Sheriff’s department, and the testimony of Dr. Hanna is indicative of this understanding., Dr. Hanna testified that he was placed in a room specially reserved and used for prisoners that are given treatment from time to time. The evidence shows the Red River Parish jail is equipped for a small number of prisoners and has no medical facilities whatsoever.
In jails or places of detention housing such a few prisoners that it is not necessary to provide hospital quarters as required by LSA-R.S. 15:760, it is the duty of the person in charge to transfer a sick prisoner to the nearest medical facility for treatment and hospitalization, if necessary, State v. Brouillette (In re Brouillette), Supreme Court of Louisiana, 163 La. 46, 111 So. 491. The court also ruled in this case that time spent by a prisoner in a hospital, whether connected with or separate and apart from a prison or place of detention, shall count on the time a prisoner has served on his sentence.
We can perceive no distinction between the sentence of a court for contempt and a sentence imposed for violation of a penal statute.
We are of the opinion that under the holding in the Brouillette case the Sheriff had no authority to reincarcerate Wood after his release from medical treatment at the L’Herrison-Hanna Clinic as the time spent in that institution was in excess of his ten day sentence imposed by the court. Because of our conclusions reached on the merits of this proceeding, we do not find it necessary to pass on the correctness of the motion to recuse, or other matters urged in the exception of no cause of action.
For the foregoing reasons, the writ previously issued herein is made absolute and the judgment of contempt is annulled, avoided, reversed and set aside.